IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES THOMAS DEVINS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. SA-25-CV-555-FB |
| | § | |
| JOHN DOE NO. 1 and JOHN DOE NO 2, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above styled and numbered cause on May 22, 2026 (ECF No. 12), concerning Plaintiff James Thomas Devins' failure to take any action to serve Defendants, despite being notified that his continued failure to do so could lead to dismissal. According to the CM/ECF system, the Report and Recommendation sent by certified mail, return receipt requested, was received by the Plaintiff on May 30, 2026 (ECF No. 15). To date, the docket reflects no objections to the Report and Recommendation have been received.[1]

In the Report, United States Magistrate Judge Henry J. Bemporad recommends that this case be DISMISSED WITHOUT PREJUDICE for lack of service under Federal Rule of Civil Procedure 4(m).

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case shall be DISMISSED WITHOUT PREJUDICE for lack of service under Federal Rule of Civil Procedure 4(m).

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on May 22, 2026 (ECF No. 12), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case is DISMISSED WITHOUT PREJUDICE for lack of service under Federal Rule of Civil Procedure 4(m). Motions pending, if any, are DISMISSED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 30th day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE